ERVIN, Justice.
Wilfred T. Blair, petitioner herein and claimant below, was injured while in the course of his employment with Edward J. Gerrits, Inc., when a 600-pound steel door he and a group of other men were carrying shifted its weight to him, causing severe pain in his low back. The accident occurred on August S, 1964, at which time Petitioner was 52 years old. At the time of the accident Petitioner was working in Puerto Rico on the construction of a Sears-Roebuck building which job had been contracted by his employer, Edward J. Gerrits, Inc. His transportation to Puerto Rico had been provided by his employer.
Some background information regarding the relationship between Petitioner and the Respondent company is helpful for clarity’s sake and will be related. Prior to going to work in Puerto Rico the Petitioner, who has an eighth grade education, had worked for a furniture company loading and unloading furniture; had been a machine operator in a radio factory; once was a truck driver; worked for a time as a carpenter and also laid floors and carpeting. He has had no specialized training. His employment leading to work on the job in Puerto Rico was obtained when he went to the office of Edward J. Gerrits, Inc., in answer to a newspaper advertisement and filled out an employment form. According to the compensation order of the Deputy Commissioner, he was notified by the Miami office of Edward J. Gerrits, Inc., concerning the job. To quote the Deputy, “[h]e was guaranteed sixty hours of work at $3.00 an hour plus an apartment in Puerto Rico * * * and the claimant testified that this apartment had a value of about $90 per month.”
The Petitioner reported the accident to the foreman the day after it occurred and was sent to a hospital in Ponce. Petitioner testified that at the hospital “ * * * they took X-rays and put a board between the mattress, give me shots, and that was it.” Petitioner further testified that he “got sick and tired of beans and rice” served at the hospital and when he showed little improvement became despondent and discouraged. As a result, he checked himself out of the hospital, which he described as filthy, after staying there approximately two weeks as a patient. Immediately upon leaving the hospital, Petitioner reported to Don Gerrits, a vice-president of Edward J. Gerrits, Inc., who was in charge of the job in Puerto Rico. Mr. Gerrits told the Petitioner to take a plane leaving Puerto Rico *174 in about an hour for Miami and paid for his airline ticket. The Petitioner was not able to catch the plane that afternoon, but caught one the next day. Upon his return Petitioner called the Miami office of Edward J. Gerrits, Inc., informed them of his accident in Puerto Rico, and was told to go back to Puerto Rico. Petitioner did not follow this instruction; instead, he filed a claim for workmen’s compensation under Florida law and the Deputy found as follows:
(1) When the claimant left the hospital in Puerto Rico without permission from the insurance fund and was returned to the United States he became ineligible to receive further benefits under the Puerto Rico Workmen’s Compensation act.
(2) The claimant’s injury was covered by the Florida Workmen’s Compensation Law despite the apparent preclusion of such coverage by F.S. § 440.09(1), F.S.A. The Deputy found that the employer-carrier was estopped to raise, and had waived the defense of non-coverage. The Deputy was of the opinion that when Petitioner’s employer, Don Gerrits, bought him an airline ticket and sent him back to the United States he waived the defense of non-coverage and was estopped to raise it. The Deputy further pointed out that while the Respondent did file a notice to controvert on the ground of non-coverage, it nevertheless reiterated an offer to furnish medical treatement pursuant to the Florida Workmen’s Compensation Law, which was in fact later furnished.
Thus, the Deputy found the Petitioner to be temporarily totally disabled since the date of the accident and accordingly entitled to compensation under Florida Workmen’s Compensation Law until termination of his class of disability. He further found Petitioner entitled to further medical treatment as the nature of his condition requires.
The full Commission reversed the order of the Deputy Commissioner; it was of the opinion that F.S. § 440.09(1), F.S.A. precluded any recovery by the Petitioner under Florida Workmen’s Compensation Law. F.S. Section 440.09(1), F.S.A., provides in part:
“ * * * Wher'e an accident happens while the employee is employed elsewhere than in this state, which would entitle him * * * to compensation if it had happened in this state, the employee * * * shall be entitled to compensation * * * provided, his contract of employment was not expressly for service exclusively outside of the state * * ”
There is no dispute that the Petitioner’s employment was for service exclusively outside the State of Florida and that in view of § 440.09(1), F.S., he would ordinarily be barred from recovering under our Workmen’s Compensation Law. There is, however, dispute as to whether Respondents have waived or are estopped to use the provisions of said section so as to preclude a recovery by the Petitioner. To use the words of the full Commission:
“ * * * this case must be determined on the question of whether or not there is competent substantial evidence in the record to support the deputy commissioner’s finding that the employer has waived or is estopped from raising the defense that the contract of employment was expressly for services exclusively outside the State of Florida.”
It has been decided in Butler v. Allied Dairy Products, Inc. (Fla.), 151 So. 2d 279, that the provisions in § 440.09(1) which preclude an employee injured outside the State of Florida from recovering benefits under the Florida Workmen’s Compensation Law where his employment contract was for service exclusively outside the State', can be waived. In Butler, this Court, ' speaking through Mr. Justice Thomas, held that a deputy commissioner did not err as a matter of law in finding that an employer (a company which distributed in Florida dairy products which were garnered by it in Missouri under the supervision of its agent there, and forwarded in its own trucks to Miami) and its *175 carrier which had for several years provided medical attention and treatment to an employee injured outside the state were estopped from disclaiming further liability for benefits on the ground that the employment contract was not made in Florida. In view of the principle that such statutory provision can be waived, we find that we agree with the conclusion of the Deputy in this case that the employer, by giving the Petitioner a plane ticket back to the States immediately upon his informing the vice-president of the company of his having checked out of the hospital in Ponce and, further, by offering medical treatment to the Petitioner, waived the defense of non-coverage and is estopped to raise it.
By way of emphasizing there was a waiver, we pose these questions: Can it be said with logic or in fairness that the Petitioner returned to Miami on his own? Can it be said with logic or in fairness that he knew, or should have known, that if he returned to the States he would be barred from recovering any benefits of Workmen’s Compensation coverage? Can it be said with logic or in fairness that the Petitioner expected other than medical treatment and compensation upon his return to our State ? Can it be said that the instruction from the employer-Respondent that Petitioner return to Puerto Rico after having paid his fare home and at a time he was suffering from his injury was sufficient legally to absolve the employer-carrier from the duty to provide Petitioner further compensation benefits in Florida? On' its face such instruction seems an inconsistent reversal of Mr. Don Gerrit’s decision to return the Petitioner to the States, apparently in order that he could receive more satisfactory medical treatment.
We believe that the Respondents, having returned the Petitioner to the States and provided medical treatment for him here, are estopped to contend he must return to Puerto Rico for medical treatment and compensation there. Our consideration of these points leads us to the conclusion that each question posed hereinabove must be answered in the negative and that the employer-carrier may not now be allowed to say there is no coverage in Florida when their prior conduct logically led the Petitioner to believe that he could expect and receive coverage here.
Estoppel and waiver may vary from case to case and in situation to situation, and the requirements or elements of their principles may differ in degree. In the case sub judice the conduct of Mr. Don Gerrits, a vice-president of Respondent Edward J. Gerrits, Inc., may logically and reasonably be said to have caused the Petitioner to believe in a certain state of things, i. e., that he could receive Workmen’s Compensation coverage should he return to Florida, thus inducing the Petitioner to act to his prejudice. We also point out as noteworthy the fact that included in the exhibits of record sent for our consideration is a letter to the attorneys for Petitioner from attorneys for Respondents in which they acknowledge that in accordance with the Petitioner’s request for medical treatment from an orthopedist in Miami "pursuant to the terms of the Florida Workmen’s Compensation Law, we are happy to authorize treatment from Dr. Marshall F. Hall.” (Emphasis supplied.) We do not believe that the facts, circumstances or law require that the Petitioner be left in a state of “limbo” as to Workmen’s Compensation coverage; rather, we agree with the conclusion of the Deputy Commissioner that Petitioner may avail himself of the coverage provided by the Florida Workmen’s Compensation Law. Competent substantial evidence in accord with logic and reason support this view.
Thus, we think that the order of the Deputy Commissioner was correct. The order of the full Commission is quashed with directions to proceed in accordance with the views we have expressed.
THORNAL, C. J., THOMAS, J., and PARKER, Circuit Judge, concur.
CALDWELL, J., dissents.