ADKINS, Justice.
We have for review an order of the Florida Industrial Commission affirming an order of the Judge of Industrial Claims denying claimant the benefit of the Florida Workmen’s Compensation Law.
Claimant was a resident of Georgia, employed by a Georgia corporation, which had its principal place of business in Georgia under a contract of employment entered into in the State of Georgia. While so employed claimant was injured in an accident arising out of and in the course of his employment in Georgia.
Prior to March 1964, a group of employers organized the Forest Products Self-Insurers’ Fund, hereafter referred to as “The Fund,” in accordance with Fla.Stat., § 440.57 (F.S.A.). The indemnity agreement provided that the members desired to afford the protection of the Florida Workmen’s Compensation Act and Employers’ Liability Act to their employees. It further provided that The Fund would pay any lawful award entered by the Florida Industrial Commission and that payment of claims would be made when they became payable under the laws of the State of Florida.
In "March 1964, a representative of The Fund secured an agreement and application for membership in The Fund from Wain-, wright, Inc., a Georgia corporation. This application was accepted by The Fund. The declaration for workmen’s compensation and/or employers’ liability coverage applicable to this employer stated that the location of the work place of the employer was at Nahunta, Georgia, and the indemnity agreement stated that it was the intention to afford the benefits of the Florida Workmen’s Compensation Act.
The claimant was injured on June 2, 1964 and was provided medical attention and disability benefits by the self-insured employer from the date of the accident to November 10, 1964. These benefits were discontinued due to the fact that the treating physician had pronounced the claimant able to return to work.
Thereafter, claimant sought benefits under the Georgia Workmen’s Compensation Law. The attorney for The Fund advised the Georgia Board that coverage or liability was denied by The Fund and withdrew from the Georgia proceedings. In his letter the attorney stated, “All benefits are restricted to the Florida Compensation Act.”
On August 4, 1966, claimant’s Georgia counsel inquired of the “Florida Insurance Department” as follows:
“ * * * I would appreciate it very much if you will check your records to see if either or both Forest Products Self Insurers Fund and Corporate Group Service, Inc. of Orlando, Florida, are authorized to do business in your state and if so, have they filed bond in effect, we may very shortly have a claim against it and we would appreciate your taking appropriate action if in the meantime application should be made for release of the bond.”
This letter eventually reached the Florida Industrial Commission on August 17, 1966 and within a few days the Florida Industrial Commission notified claimant’s attorney that a bond was in force to insure performance of the self-insurers’ responsibilities under the Florida Workmen’s Compensation Law.
On November 9, 1967, claimant’s Florida counsel filed a claim for compensation and application for hearing with the Florida Industrial Commission. The claim for *156 benefits was denied by the Judge of Industrial Claims and this order was affirmed by the Full Commission.
To be entitled to Florida compensation for an injury without the state, Fla.Stat., § 440.09(1) F.S.A. provides:
“ * * * the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer’s place of business is in this state or if the residence of the employee is in this state, provided, his contract of employment was not expressly for service exclusively outside of the state; * * (Emphasis supplied.)
Admittedly, the accident involved would not come within the provisions of the Florida Workmen’s Compensation Act in the absence of a showing that respondents have waived or are estopped to use the provisions of Fla.Stat., § 440.09(1), F.S.A. so as to preclude a recovery by the petitioner.
Petitioner first contends that under the provision of Fla.Stat., § 440.04(3) F.S. A., the indemnity agreement enlarges the definition of “employee” and “employment” so as to constitute a waiver of exclusion and an acceptance of the provisions of the Workmen’s Compensation Law.
This subsection provides as follows:
“When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of “employee” or whose services are not included in the definition of “employment” or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of § 440.05 with respect to notice.”
The above subsection cannot be applied to extend the Florida Workmen’s Compensation Law to other states in which, as here, the State of Florida has no interest and to cases over which the State of Florida has no authority. The effect of this contention if successful would be an extraterritorial extension of the Florida law without substantial connection to Florida business reality. See Florida Workmen’s Compensation Law by Alpert, § 5:6; Workmen’s Compensation Law by Larson, Vol. 3, §§ 86.00, 87.00; Forehand v. Manly, 147 Fla. 287, 2 So.2d 864; Ray-Hof Agencies, Inc. v. Petersen, 123 So.2d 251 (Fla.1960).
The statutory condition, that the employment contract must be made in Florida in order for a worker employed and injured outside the state to recover workmen’s compensation, can be waived and is one which the employer can be estopped from presenting. See 26 F.L.P., Workmen’s Compensation, § 57. For example, a Florida employer, through its carrier, assured an employee insured in Missouri that he would be paid under the Florida law. The carrier paid the employee, settled a third party claim, and continued to provide benefits and pay compensation for a number of years. When a controversy arose over the need for medical attention, the Court held that the employer was es-topped from disclaiming further liability or benefits on the ground that the employment contract was not made in Florida. Butler v. Allied Dairy Products, Inc., 151 So.2d 279 (Fla.1963).
Also Blair v. Edward J. Gerrits, Inc., 193 So.2d 172 (Fla.1967) involved a claimant who had been employed to work exclusively in Puerto Rico and was injured in Puerto Rico. Claimant was told by his employer that he should return to Florida where he would be provided with medical treatment pursuant to the Florida Workmen's Compensation Act, which medical treatment was in fact furnished to him until the case was controverted. The Court held that the employer had waived the *157 Florida requirement that the contract not be for service exclusively outside the state,
In Blair v. Edward J. Gerrits, Inc., supra, the Court held that the question of whether the respondents had waived or were estop-ped to use this provision of the Workmen’s Compensation Law so as to preclude a recovery was a question of fact. It was held that there was competent substantial evidence in the record to support the finding of the deputy commissioner.
In the instant case the Judge of Industrial Claims made a specific finding that there was no waiver, and there is competent substantial evidence to support this finding.
Furthermore, the Judge of Industrial Claims was correct in finding that the claim was barred for failure to file within two years after the last payment of compensation or the last remedial attention or treatment was provided by the employer. Fla.Stat, §§ 440.13(3) (b) and 440.19(1) (a), F.S.A. See Troyer v. Burnup & Sims, 222 So.2d 188 (Fla.1969).
The order of the Judge of Industrial Claims as affirmed by the Full Commission was correct. The writ of certiorari is denied.
It is so ordered.
DREW, THORNAL and BOYD, JJ., concur.
ERVIN, C. J., dissents with Opinion.
MANN, District Court Judge, dissents with Opinion and concurs with ERVIN, C. J.
CARLTON, J., dissents and concurs with ERVIN, C. J., and MANN, District Court Judge.