ERVIN, Judge.
This is an appeal from an order of the judge of industrial claims, denying the late Mrs. Rainwater’s claim for compensation on the ground she was not an employee of Vikings Men’s Hairstyling. We reverse. We conclude that the acceptance by the carrier of a workmen’s compensation policy covering claimant as an employee constitutes a waiver of her exclusion from the act and operates to bring her under the employer’s coverage. See Section 440.04(2), Florida Statutes (1975).
Dorothy Rainwater filed a claim for disability resulting from an accident alleged to have occurred on January 14, 1977, caused by prolonged exposure to toxic chemicals, while employed as a hairdresser with Vikings. The carrier, State Farm, controverted on the basis the claimant was the business’s proprietor and had elected not to be covered. In holding Mrs. Rainwater was not an employee, the judge made the following findings: (1) That James Rainwater, the executor of Dorothy Rainwater’s estate, and co-owner of Vikings Men’s Hairstyling, did not specify his wife’s name as an employee on the annual audit for the year 1976, although he admitted listing other employees; (2) that Mr. and Mrs. Rainwater did not report her income as an employee on their joint income tax return for the year 1976; (3) that the workmen’s compensation policy named the insureds, James C. and Dorothy E. Rainwater, as proprietors of the business, and (4) that Mrs. Rainwater’s commission earnings were lumped together with Mr. Rainwater’s income under Schedule C of the joint return.
Were it not for the fact that a policy of workmen’s compensation insurance was issued covering claimant, we could readily agree that Mrs. Rainwater was not an employee. Although Mrs. Rainwater was not named as an employee in the insurance policy, the policy listed three employment positions: manicurist, barber, and cosmetologist. The evidence was unrefuted that Mrs. Rainwater was employed as the only cosmetologist at the shop on or about the time the policy became effective, July 25, 1975,[1] and Mr. Rainwater testified she continued to work as a beautician until March,
1977, when she became ill and was replaced by another employee. In addressing the effect of Section 440.04(3),[2] Florida Statutes (1973), our Supreme Court observed:
[A] person not otherwise considered a covered “employee”, or whose services are not included in the definition of “employment”, but for whose benefit a contract of workmen’s compensation insurance has been secured, is subject to the provisions of the Chapter by virtue of the acceptance of the policy by his employer and the writing of the same by the compensation carrier. We think there can be no question that the purpose and effect of Fla.Stat. § 440.04, F.S.A., is to empower an exempt employer to voluntarily as *1315 sume the obligations and privileges of the Workmen’s Compensation Act and thereby insulate himself from common law liability pursuant to Fla.Stat. § 440.11, F.S.A. Allen v. Estate of Carman, 281 So.2d 317, 322 (Fla.1973).
Finding that a contract of workmen’s compensation insurance was secured for Mrs. Rainwater as an employee, we conclude that the employer/carrier has waived its exemption. This cause is remanded to the judge of industrial claims for further proceedings consistent with this opinion.
SHIVERS and SHAW, JJ., concur.

. Appellees candidly admit in their brief that Mrs. Rainwater was working at Vikings in August, 1975.

. Now Section 440.04(2), Florida Statutes (1979).