384 So.2d 1292 (1980)
Everett L. BURNSIDE, Appellant,
v.
Jesse McCRARY and Wilkie D. Ferguson et al., Appellees.
No. 79-1518.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Rehearing Denied July 18, 1980.
*1293 Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Long & Smith and H.T. Smith, Jr., Miami, for appellees.
Before HUBBART and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
The final summary judgment under review, which was entered in favor of the defendant Wilkie Ferguson in this legal malpractice action, is affirmed upon a holding that: (a) the defendant Ferguson was, as a matter of law, not guilty of the legal malpractice charged in the plaintiff's complaint because the record affirmatively establishes that the alleged negligent acts occurred after the defendant had been elevated to the bench without having retained any financial interest in the subject litigation which was thereafter handled by the defendant's former law firm, and (b) no reversible error appears in the trial court's denial of the plaintiff Everett L. Burnside's motion to amend his complaint because the record affirmatively establishes that the alleged additional acts of negligence in the proposed amended complaint in no way caused the dismissal of the plaintiff Burnside's subject action in federal court, and, thus no actionable legal malpractice was on this record proposed by the plaintiff in the amended complaint.[1]
Affirmed.
NOTES
[1] Our review of the federal district court order signed by Judge Peter T. Fay and dated January 18, 1974, indicates that the plaintiff Burnside's subject federal action was dismissed as an individual action because "no response was filed by Plaintiff to Defendant's Motions to Dismiss and to Strike the First Amended Complaint within the time limits established by this Court's Local Rule 10(c)," (R 546) and as a class action because "no response was filed by Plaintiff to Defendant's Motion to Dismiss Class Action, no response was made by Plaintiff or his counsel to this Court's Order scheduling the hearing to determine whether this cause should be permitted to proceed as a class action, and no appearance was made at the January 3, 1974 class action by either Plaintiff or his counsel" (R 546). In short, the plaintiff Burnside's federal court action was dismissed for failure of plaintiff's counsel to file proper responsive pleadings when required and to make necessary court appearances, acts which the record affirmatively establishes were committed after the defendant Ferguson had left his former law firm and assumed the bench. As such, the additional acts of alleged negligence charged in the proposed amended complaint are moot and cannot constitute actionable legal malpractice herein as they did not form the basis upon which the subject federal court action was dismissed.

In this connection, we do not read footnote 2 of the court's order as stating additional grounds for the dismissal of the individual action as it is plain that the court here was merely listing the various grounds of the motions to dismiss and strike, which motions the plaintiff's counsel never responded to; it was the failure to respond, however, that formed the basis for the dismissal of this portion of the plaintiff's lawsuit. We reject plaintiff's contentions to the contrary on this appeal.