388 So.2d 25 (1980)
John SIELICKI, Appellant,
v.
NEW YORK YANKEES and U.S. Fidelity & Guaranty Insurance Company, Appellees.
No. RR-95.
District Court of Appeal of Florida, First District.
September 15, 1980.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellant.
Summers Warden, Miami, for appellees.
SHIVERS, Judge.
Appellant/claimant John Sielicki, a New York Yankees baseball player, was denied a workmen's compensation claim on the grounds that he failed to show his disability resulted from an accident on April 7, 1978, the last day he played for the Yankee organization. We find claimant is entitled to compensation and reverse.
Appellee maintains the claim was properly denied because no unusual, unexpected damage occurred suddenly to appellant. While we agree that he did not prove a compensable accident, as that term is used in non-repeated trauma cases, such proof is not necessary to this claim. Since Keller Building Products of St. Petersburg v. Shirley, IRC Order 2-3263, cert. denied 362 So.2d 1054 (Fla. 1978) (which implicitly overruled earlier cases on this issue), injuries resulting from repeated trauma have been compensable as well as those resulting from accident or exposure to deleterious substances.
In Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980) we held that for a claimant to recover under repeated trauma, he must show: (1) prolonged exposure; (2) the cumulative effect of which is injury or aggravation of a preexisting condition; and (3) that he has been subjected to a hazard (trauma) greater than that to which the general public is exposed. Claimant has proven his injury was the result of repeated trauma.
Claimant, a left-handed pitcher, contracted with the New York Yankees to play baseball during the regular 1978 season and to participate in spring and exhibition games. Because the Yankees had purchased a workmen's compensation insurance policy, the professional athlete exclusion under § 440.02(1)(c)3, Fla. Stat. (1977) is not applicable. § 440.04(2), Fla. Stat. (1977).
While pitching for the San Francisco Giants in 1974, claimant underwent surgery to his left elbow, which relocated the ulnar nerve. In 1975 he reinjured his left elbow while playing for the Giants and had a half cast on his left arm for approximately ten days. He was back pitching at the end of the 1975 season, pitched professionally all of the 1976 season and all of the 1977 season. Although during the 1977 season claimant had some bicipital tendonitis which was treated by a muscle relaxant, and a rotator cuff strain in his left shoulder at the end of that season, he did not have elbow trouble during the 1976 and 1977 seasons.
In March 1978, Sielicki reported to the Yankee spring training camp in Dania, Florida. Between the time he reported to *26 spring camp and April 7, 1978, he had pitched nine innings in exhibition games. Prior to pitching on April 7, claimant noticed muscle spasms in his left forearm. He pitched three innings in an exhibition game on April 7 in Dade County against the Baltimore Orioles. Nothing unusual happened while claimant pitched on April 7. The tightness in the elbow did not appear until the next morning. On the morning of April 8, 1978, claimant reported to the Yankee trainer that he felt tightness in his left elbow and was experiencing muscle spasms in his left arm. Shortly thereafter a Yankee vice-president called claimant into his office and unconditionally released (fired) him.
Appellees presented no testimony. Undisputed testimony from four doctors, each of whom is a specialist, is that claimant has suffered a disabling physical injury, ulnar neuritis. Claimant now has weakness in his left hand, loss of motion in his arm, pain, and occasional numbness in the arm. Those doctors who expressed opinions on claimant's prognosis concurred that claimant will never professionally pitch again; that he is now unemployable as a professional pitcher. The medical testimony related the ulnar nerve neuritis to the strain of pitching.
Dr. Bodell stated claimant had ulnar nerve neuropathy and a problem with nerve compression and nerve irritation. Dr. Garrick, a sports medicine specialist, testified that claimant's muscle spasms were the result of attempting to throw too hard too early in the season and that the muscle spasms irritated the ulnar nerve. Dr. Leone related the ulnar neuritis to claimant's pitching on April 7, 1978. In his opinion, the 1974 surgery was successful since claimant was able to professionally pitch competitively in 1976, 1977 and 1978. Dr. Ehlert felt that claimant reinjured himself by continuing stress, in his profession, on his left arm.
The facts here meet the requirements of Festa, supra, for a repeated trauma recovery.
REVERSED and remanded for further proceedings consistent herewith.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.