402 So.2d 80 (1981)
Jessie KEY and Clyde Goley Carpet Service and the Travelers Insurance Company, Appellants,
v.
Clyde GOLEY and Cut-Rate Carpet, Inc. and Commercial Union Assurance Companies, Appellees.
No. XX-83.
District Court of Appeal of Florida, First District.
August 17, 1981.
H. George Kagan of Miller, Hodges & Kagan, Miami, for appellants.
G.J. Godfrey of Lanza, Sevier & Womack, Coral Gables, for appellees.
PER CURIAM.
This is an appeal from an order of the deputy commissioner finding Travelers Insurance Company had waived the requirement that a partner file a notice of election to be covered under the compensation policy, and finding Travelers acted in such a manner as to be estopped from denying coverage. We reverse. We conclude that acceptance by Travelers of a workers' compensation policy issued to Jessie Key and Clyde Goley, identified as a partnership, does not constitute a waiver of Goley's exclusion from the act under § 440.04(2), Florida Statutes, nor do we find that Travelers acted in any manner which would estop it from denying coverage.
Jessie Key and Clyde Goley installed carpet for Cut-Rate Carpet, Inc. The president of Cut-Rate informed Key and Goley that they must obtain their own workers' compensation insurance. An application was submitted to the Florida Compensation Rating Bureau indicating that compensation coverage was sought by Jessie Key and Clyde Goley, doing business as a partnership. The application disclosed the partnership had two employees. No notice of election to have the partners covered under the policy was submitted. Travelers Insurance Company issued a policy to Jessie Key and Clyde Goley noting that the insured was a partnership. The number of employees of the partnership was not indicated in the policy nor was there a description of any positions of the partnership. Thereafter, Goley was injured while installing carpet. Travelers denied coverage and Commercial *81 Union Assurance Company, carrier for Cut-Rate, paid benefits to Goley. A hearing was held before the deputy commissioner on Commercial Union's claim that it was entitled to reimbursement from Travelers for the benefits paid Goley.
Under the facts of this case, it is clear that Travelers Insurance Company took no action which would estop it from denying coverage. Travelers simply issued a policy to a partnership in accordance with an application which had been assigned to it by the Florida Compensation Rating Bureau. Under Florida law, a partner is an employer, not an employee. Fink v. Fink, 64 So.2d 770 (Fla. 1953). The partners here did not elect to be considered employees for compensation purposes.
The argument that Travelers waived notice under § 440.04(2) by issuing the insurance policy is not persuasive. That section provides that when any policy specifically secures the benefits of the workers' compensation chapter to any person not included in the definition of employee or who is otherwise exempted from the operation of the chapter, the writing of the policy by the carrier shall constitute a waiver of such exclusion or exemption. In the present case, the policy issued by Travelers did not specifically secure benefits of the workers' compensation law to any person not included under the chapter. In fact, the insurance policy makes no specific reference to any employees for whom benefits were secured by the policy. Only a partner who devotes full time to the partnership and elects to be included in the definition of employee by filing a notice thereof as provided in Section 440.05, is included in the term "employee". Section 440.02(2)(c), Fla. Stat. (1977). Notice that a partner elects to be included in the definition of employee must be mailed to the Division of Labor of the Department of Commerce in Tallahassee. Section 440.05(2), Fla. Stat. (1977). No such notice was submitted in the present case and thus the partners were not included as employees under the policy issued by Travelers insuring the partnership. White v. White, IRC Order 2-3589 (1978).
The order is reversed.
MILLS and SHAW, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.