420 So.2d 587 (1982)
GULFSTREAM LAND & DEVELOPMENT CORP., Petitioner,
v.
Karl J. WILKERSON, et al., Respondents.
No. 61203.
Supreme Court of Florida.
September 23, 1982.
*588 Robert M. Klein of Stephens, Lynn, Chernay & Klein, Miami, for petitioner.
Salvatore V. Fiore of Fiore & Bloomgarden, Fort Lauderdale, for respondents.
McDONALD, Justice.
This cause is before the Court on petition to review Wilkerson v. Gulfstream Land & Development Corp., 402 So.2d 550 (Fla. 4th DCA 1981), which conflicts with Goldberg v. Context Industries, Inc., 362 So.2d 974 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979). We have jurisdiction[1] and approve the instant decision.
The question presented in this case is whether a parent corporation of a wholly owned subsidiary is immunized from third party tort liability by virtue of its subsidiary having paid out workmen's compensation benefits. Both the parent and subsidiary were covered by the same policy of workmen's compensation insurance, which had been procured by the parent company. The district court held the parent not immune. In Goldberg v. Context Industries, Inc., 362 So.2d 974 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979), on the other hand, the Third District Court of Appeal found that immunity from suit was granted to the parent corporation of a wholly owned subsidiary corporation, jointly insured with the parent, which had paid out workmen's compensation benefits to an injured employee.
In the instant case an employee of the subsidiary was injured while working on property owned by the parent. He filed a negligence action alleging breach of the duty to warn of the dangerous condition and failure to maintain the premises in a safe condition. The trial court granted the parent corporation, Gulfstream Land and Development Corp., a summary judgment based on Goldberg. The district court reversed, finding the parent not immune from suit. It based its decision on basic corporation law principles which require that the corporate fiction be recognized and that the corporate veil be pierced only where the corporate structure is used fraudulently. The joint insurance policy did not alter this *589 finding because the parent corporation had no duty to insure the employee.[2]
The common law right of recovery from third parties in tort should not be abridged unless specifically waived by the workmen's compensation statutes. Our review of the statutes, and the argument of counsel, reveals that waiver of liability to parent corporations is not explicit in the statutes. Gulfstream alleges, however, that subsection 440.04(2), Florida Statutes (1973), provides immunity under these facts. We will examine the effect of that subsection later in this opinion.
Since Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), this Court has consistently held that immunity from suit under the workmen's compensation statutes follows the statutory liability for providing such coverage. See Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); Smith v. Ussery, 261 So.2d 164 (Fla. 1972). Such a liability existed in Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910 (Fla. 1981). In the instant case Wilkerson was employed by Gulfstream Utilities Corp. That entity had the duty to provide coverage for Wilkerson and enjoyed the limited liability provided by the statutes. Gulfstream Land and Development Corp. argues that because it is the sole owner of Gulfstream Utility Corp. it also enjoyed this immunity. The issue then is whether the two corporations are so completely integrated and commingled that neither party could be viewed realistically as a separate economic entity. This is so because the liability/immunity is granted to the statutorily defined "employer" and, therefore, requires that Gulfstream Land and Development Corp. fit within this definition.
As indicated by the district court, several other jurisdictions have dealt with this issue and have reached conflicting decisions. We are persuaded by the majority of those jurisdictions[3] that the subsidiary's employee has the right to maintain such an independent action.
In Boggs v. Blue Diamond Coal Co., 590 F.2d 655 (6th Cir.), cert. denied, 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979), the Sixth Circuit Court of Appeals interpreted the Kentucky workmen's compensation statute and denied immunity to the parent corporation under similar circumstances. In so holding it reasoned that
a business enterprise has a range of choice in controlling its own corporate structure. But reciprocal obligations arise as a result of the choice it makes. The owners may take advantage of the benefits of dividing the business into separate corporate parts, but principles of reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee.
590 F.2d at 662.
We agree that, when the benefits of dividing a business accrue to an owner, reciprocity requires courts to recognize the separate enterprises when sued by an injured employee. Unless the court can find an absolute integration of the two entities, the parent corporation is not the "employer" for purposes of workmen's compensation coverage and is not immune from suit by an injured employee of its subsidiary which results from its own acts of negligence.
Gulfstream further contends that the joint policy of workmen's compensation insurance provides a basis for immunity. We disagree. The decision of a parent to include a subsidiary within a joint workmen's compensation policy is usually an economic one. In the instant case numerous subsidiaries were listed on the same policy. We find no basis for the premise that the legislature intended the vehicle of a joint workmen's compensation policy to limit third party tort liability. See Choate v. Landis *590 Tool Co., 486 F. Supp. 774 (E.D.Mich. 1980); Latham v. Technar, Inc., 390 F. Supp. 1031 (E.D.Tenn. 1974).
Gulfstream argues that subsection 440.04(2), Florida Statutes (1973),[4] operates to extend the statutory immunity because of the parent/subsidiary relationship and the joint policy of insurance. This subsection does allow for a waiver from exemption when the statutory conditions are met. Those conditions include a policy or contract of insurance specifically securing the benefits of chapter 440 to any person who is (A) not included within the definition of "employee," or (B) whose services are not included within the definition of "employment," or (C) who is otherwise excluded from the operation of chapter 440. It further requires that the insured accept the policy and that the carrier agrees to write such.
This Court has applied subsection 440.04(2) in several decisions. In Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445 (Fla. 1964), an association of truck drivers purchased a workmen's compensation insurance policy covering the members of the association. Strickland, a member of the association, was injured and filed for benefits under the policy. His application was denied on the grounds that his independent contractor status exempted him from the statute and that his injury was not work related. This Court reversed, holding that under the provisions of subsection 440.04(3)[5] the acceptance of the policy by the association constituted a waiver of the exclusion of Strickland from the act and brought him within its coverage. His injury was found to be work related because of his close working relationship with the association and because the work he was engaged in when injured was required by the association. In Allen v. Estate of Carman, 281 So.2d 317 (Fla.), conformed to 486 F.2d 490 (5th Cir.1973), an employer received the benefits of subsection 440.04(3)[6] by securing a policy of workmen's compensation insurance for his sole employee. We denied coverage, however, in Wainwright v. Wainwright, Inc., 237 So.2d 154 (Fla. 1970), because coverage was sought for an out-of-state employee in direct contravention of another section of the statute. Several district court decisions have also dealt with this subsection.[7]
The underlying situation in all of these cases, however, has been a closely related employment arrangement. In Strickland the independent contractor was found to be directly associated with the trucking association. In Allen the deceased was the sole employee of the defendant. While subsection 440.04(2) is not limited to this relationship, we find that it does not extend to parent/subsidiary relationships under the facts at bar. In addition, while the joint insurance policy covers the parent and its numerous subsidiaries, the facts do not support the contention that Gulfstream Land and Development Corp. obtained the policy specifically to secure the benefits of chapter 440 to Wilkerson. While the participants may enjoy the benefits of lower insurance rates, such does not automatically trigger the application of subsection 440.04(2).
*591 The decision of the district court is approved. Goldberg v. Context Industries, Inc. is disapproved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Gulfstream's counsel acknowledged that § 440.10, Fla. Stat. (Supp. 1974), did not apply. Because there is no provision like § 440.10 relating to the parent/subsidiary relationship, that relationship is not analogous to the contractor/subcontractor relationship covered by § 440.10.
[3] See 2A A. Larson, The Law of Workmen's Compensation § 72.40 (1982).
[4] § 440.04(2) provides:

(2) When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of "employee" or whose services are not included in the definition of "employment" or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of § 440.05 with respect to notice.
[5] § 440.04(3) was recodified as § 440.04(2) in 1970. See Ch. 70-148, § 4, Laws of Fla.
[6] Id.
[7] Key v. Goley, 402 So.2d 80 (Fla. 1st DCA 1981); Sielicki v. New York Yankees, 388 So.2d 25 (Fla. 1st DCA 1980), review denied, 392 So.2d 1377 (Fla. 1981); Rainwater v. Vikings Men's Hairstyling, 382 So.2d 1313 (Fla. 1st DCA 1980); Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla. 1st DCA), cert. denied, 378 So.2d 350 (Fla. 1979).