PER CURIAM.
This is an appeal by the defendant Florida Power and Light Company [hereinafter “FP & L”] from an adverse final judgment in a negligence action. The sole point raised on appeal is that the trial court erred *490 in denying FP & L’s motion to amend its answer to include the affirmative defense of the workers’ compensation exclusivity bar to the instant suit. We disagree and affirm based on the following briefly stated legal analysis.
First, it is undisputed that FP & L paid the plaintiff Carolyn Sue Huwer [hereinafter “Huwer”] workers’ compensation benefits in the amount of $35,392.40 for an injury which she incurred while working as a security guard for The Wackenhut Corporation [hereinafter “Wackenhut”] at FP & L’s Turkey Point nuclear plant. Huwer was an employee of Wackenhut; Wacken-hut was an independent contractor hired by FP & L to guard its facility at Turkey Point.
Second, FP & L is not entitled, as urged, to the workers' compensation exclusivity defense by virtue of its payment of workers’ compensation benefits to Huwer as an otherwise allegedly non-covered employee as defined by Section 440.04, Florida Statutes (1981). This is so because Huwer (a) was never employed by FP & L, and (b) was not otherwise excluded or exempted from the protection of the Workers’ Compensation Act [hereinafter “the Act”]— both of which are circumstances required by the above statute in order for the employer to acquire the exclusivity defense as to tort claims of otherwise non-covered employees. We reject the contrary arguments of FP & L, including the argument that Huwer was an independent contractor and was therefore excluded from protection of the Act under Section 440.-02(2)(d)(1), Florida Statutes (1981). Huwer was an employee of an independent contractor, but was never an independent contractor herself; she was plainly covered by the Act as an employee of Wackenhut. See Gulfstream Land & Devel. Corp. v. Wilkerson, 420 So.2d 587, 590 (Fla.1982); Conklin v. Cohen, 287 So.2d 56, 59-60 (Fla.1973); Smith v. Ussery, 261 So.2d 164 (Fla.1972); Toney Builders, Inc. v. Huddleston, 149 So.2d 38, 40 (Fla.1963).
Third, the trial court did not, therefore, abuse its discretion in refusing to allow FP & L to assert the above affirmative defense because FP & L was not entitled to the proposed defense as a matter of law. See Davis v. Sun First Nat’l Bank of Orlando, 408 So.2d 608, 610 (Fla. 5th DCA 1981), pet. for review denied, 413 So.2d 875 (Fla.1982); Burnside v. McCrary, 384 So.2d 1292, 1293 (Fla. 3d DCA 1980); Wilisch v. Wilisch, 335 So.2d 861, 865 (Fla. 3d DCA 1976). The final judgment under review is accordingly
Affirmed.