594 So.2d 755 (1991)
Thomas CARTIER, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
No. 91-336.
District Court of Appeal of Florida, Third District.
September 10, 1991.
Rehearing Denied March 31, 1992.
Goldfarb & Gold, and Anthony Soto, and L. Barry Keyfetz, Miami, for appellant.
Stephen P. Walroth, Tampa, for appellee.
Before FERGUSON, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Thomas Cartier (Cartier), appeals a final summary judgment in favor of appellee, Florida Power & Light Company (FPL). We affirm.
FPL is a self-insured utility, providing its own workers' compensation insurance. FPL hired an independent contractor to perform work at one of its power plants. Cartier was an employee of the independent contractor.
The contract between FPL and the independent contractor required FPL to provide workers' compensation coverage for the independent contractor's employees under FPL's self-insurance program. After the contract was executed, Cartier was injured during his regular employment at the power plant. FPL, pursuant to its contractual duty, provided workers' compensation benefits for Cartier. Cartier later sued FPL for negligence. FPL claimed immunity as the provider of workers' compensation to Cartier.
Cartier contends that although FPL provided workers' compensation insurance, it is still liable for negligence as the owner of the power plant. FPL asserts that it is immune from Cartier's tort action because it provided workers' compensation coverage, as a self-insured utility, under section 440.571, Florida Statutes (1989).
Section 440.571 is a self-insurance provision in the workers' compensation statute. This section authorizes self-insuring utilities to provide coverage for employees of subcontractors. It facilitates utilities' compliance with the requirements of the immunity provision of the workers' compensation *756 statute. Section 440.11, Fla. Stat., (1989).
Section 440.11, and its preamble, requires that in order to gain immunity, a) the self-insured public utility must be legally obligated to provide insurance coverage; b) it must in fact provide adequate coverage; and c) the work performed must be on or adjacent to the utility's property. Thus, if at the time of the accident: a) FPL had a contractual obligation to provide coverage; b) if it did provide coverage; and c) if the work was done on FPL's property, then section 440.11 provides immunity from negligence suits.
We distinguish Florida Power & Light Company v. Huwer, 508 So.2d 489 (Fla. 3d DCA 1987). Florida Power & Light Co. v. Huwer also involved a tort claim arising from an injury of an employee of a subcontractor at a power plant. After the injury occurred, FPL agreed to provide workers' compensation for Huwer. In Huwer, this court held that "FPL is not entitled ... to the workers' compensation exclusivity defense by virtue of its payment of workers' compensation benefits to Huwer... ." Florida Power & Light Co. v. Huwer, 508 So.2d at 490.
In Florida Power & Light Co. v. Huwer, FPL had no legal duty to provide coverage before or at the time of the accident, although it did provide coverage in fact after the accident. Accordingly, in Huwer, FPL did not meet the prong of 440.11 which requires a legal duty to provide coverage at the time of the accident.
Here, we find that Cartier's injury occurred during his regular employment on FPL's premises. We also find that FPL assumed a contractual duty to provide coverage before any accident, and in fact provided such coverage at the time of the accident. Thus, because FPL met all prongs of section 440.11, Cartier is foreclosed from a tort action against FPL.
Affirmed.