PATTERSON, Judge,
dissenting.
I dissent because I believe the holding in Cartier v. Florida Power & Light Co., 594 So.2d 755 (Fla. 3d DCA 1991), which the majority relies upon, is not a correct statement of the law. The issue in Cartier and in this case is identical: does a self-insured public utility which undertakes to provide workers’ compensation coverage to a subcontractor working on its property, pursuant to section 440.571, Florida Statutes (1991) (now section 624.46225, Florida Statutes (1997)), obtain the benefit of workers’ compensation immunity provided in section 440.11, Florida Statutes (1991), as to injuries sustained by an employee of the subcontractor resulting from the negligence of the public utility? Section 440.571, Florida Statutes (1991), provides:
440.571 Self-insured public utilities. — A self-insured public utility, as authorized by 1s. 440.38(l)(b), may assume by contract the liabilities under this chapter of contractors and subcontractors, or each *1076 of them, employed by or on behalf of such public utility when performing work on or adjacent to property owned or used by the public utility.
1 Note. — The reference appears to be erroneous. The correct reference may be to s. 440.38(l)(c).
Appellee Florida Power & Light Co. (FP & L) is a self-insured public utility authorized by section 440.38(l)(c).
FP & L entered into a contract with National Installation Services Co. (NISCO) as an independent contractor to perform repairs at its Manatee Electrical Generating Facility. On May 19, 1992, appellant Ottis Lee Deen, Jr. (Deen), an employee of NISCO, was injured while working on the site when he fell from scaffolding to a concrete floor below. He sued FP & L, alleging his injuries were caused by FP & L’s negligence in the construction and maintenance of the scaffolding. He also sued appellee Quantum Resources, Inc. (Quantum), another subcontractor FP & L hired to supervise the various contractors on the job.
The contract between FP & L and NISCO required FP & L to provide for workers’ compensation benefits for NISCO’s employees under FP & L’s self-insurance program. Both FP & L and Quantum moved for summary judgment, claiming that they were immune from suit because of the “exclusive remedy” provision of the Workers’ Compensation Act. FP & L’s motion asserted immunity based on the fact it had, by contract, provided workers’ compensation benefits to NISCO’s employees. Quantum claimed that the single employee it had provided to the job was a “borrowed servant” of FP & L and that it therefore enjoyed the protection of FP & L’s immunity from suit. The trial court granted the motions for summary judgment based on Cartier.
In Cartier, FP & L had entered into a contract, the same type as its contract here with NISCO, with an unnamed subcontractor. Cartier, an employee of the subcontractor, was injured on the job site, and as here, sued FP & L as the owner of the property. In holding FP & L to be immune from suit, the Cartier court stated:
Section 440.11 [Florida Statutes (1989) ], and its preamble, requires that in order to gain immunity, a) the self-insured public utility must be legally obligated to provide insurance coverage; b) it must in fact provide adequate coverage; and c) the work performed must be on or adjacent to the utility’s property. Thus, if at the time of the accident: a) FPL had a contractual obligation to provide coverage; b) if it did provide coverage; and c) if the work was done on FPL’s property, then section 440.11 provides immunity from negligence suits.
Cartier, 594 So.2d at 756. The problem is that section 440.11, Florida Statutes (1989), says no such thing. Nowhere in section 440.11 do the terms “self-insured” or “public utility” appear. Nor is there any reference to one entity contractually providing workers’ compensation coverage for another entity. In fact, nowhere in chapter 440 is a public utility specifically granted immunity from suit by reason of section 440.571 or for any other reason. The only rationale for the conclusion in Cartier must therefore result from an interpretation of chapter 440 as a whole.
The obligation of an employer to provide workers’ compensation benefits to its employees is found in section 440.10(l)(a), Florida Statutes (1991), which provides, “Every employer coming within the provisions of this chapter ... shall be liable for, and shall secure, the payment to his employees ... of the compensation payable [under this chapter].” In return for compliance with this section, section 440.11(1), Florida Statutes (1991), provides, “The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer ... to the employee_” FP & L was not Deen’s employer and, therefore, derives no direct immunity from suit from these provisions. NISCO, the employer, was permitted to and did fulfill its statutory obligation under section 440.10 “[b]y entering into a contract with a public utility under an approved utility-provided self-insurance program as set forth in s. 440.571 ....” § 440.38(1)(c), Fla. Stat. (1991). NISCO thereby enjoys the immunity provisions of section 440.11. FP & L contends that, because it contractually *1077 agreed to provide the workers’ compensation coverage that NISCO was statutorily obligated to provide, FP & L is therefore entitled to the same benefit of immunity as is NISCO. FP & L claims this to be true, despite that section 440.571 merely authorizes, and does not require, a self-insured public utility to enter into such contracts. Therefore, a public utility such as FP & L is free to pick and choose among its subcontractors on the same project which will receive the contractual benefits that it is permitted to bestow under section 440.571. It is this lack of a mandatory statutory obligation that I believe forecloses FP & L’s immunity claim under section 440.11.
FP & L’s position is that satisfying the liability to provide benefits is the determinative issue, whether that liability is statutorily imposed or assumed by contract. Deen’s position is that chapter 440, which is in derogation of the common law, must be strictly construed, and because it is silent as to a specific grant of immunity to FP & L under these facts, then none exits. In other words, the plain meaning of chapter 440 is to grant immunity only to those employers who fulfill the statutory obligation to provide coverage as specifically set forth in the Act.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), under dissimilar facts, the supreme court discussed this issue generally, saying:
It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation — no more and no less.
72 So.2d at 287 (emphasis in original). This broad language can be argued in support of either side of this ease. Later, the court used more limiting language in Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587 (Fla.1982), when it stated:
The common law right of recovery from third parties in tort should not be abridged unless specifically waived by the workmen’s compensation statutes....
Since Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), this Court has consistently held that immunity from suit under the workmen’s compensation statutes follows the statutory liability for providing such coverage.
420 So.2d at 589 (emphasis supplied). I agree with Deen that FP & L, having no “statutory liability,” but only liability voluntarily assumed by contract, is. not entitled to the immunity benefits of section 440.11, Florida Statutes (1991).
As a fall-back position, FP & L argues that if we disagree with Cartier it is nonetheless immune from suit as NISCO’s workers’ compensation insurance carrier. I agree that FP & L is a “carrier” as defined in section 440.02(3), Florida Statutes (1991), and has the benefit of all immunities granted to “carriers” under chapter 440. In this ease, however, it is both a “carrier,” with the rights and responsibilities as such, and the landowner, with its attendant rights and responsibilities. The legal status of the “carrier” and of the landowner are independent of one another and do not interact in any manner. The alleged acts of negligence for which FP & L is being sued here are in its capacity as the landowner and are not affected by its “carrier” immunity.
I would reverse and certify conflict with Cartier.