235 N.J. Super. 458 (1988)
563 A.2d 76
FRANCISCO DEFIGUEIREDO AND ROSA ANNA DEFIGUEIREDO, PLAINTIFFS, AND GERARD BRIGNOLLE AND THEONNE BRIGNOLLE, PLAINTIFFS,
v.
U.S. METALS REFINING CO., USMR AMAX INC., AMAX BASE RESEARCH AND DEVELOPMENT AND AMAX METALS GROUP AND JOHN DOE AND JANE DOE, A PERSON, FIRM OR ENTITY WHOSE IDENTITY IS UNKNOWN, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided August 5, 1988.
*459 Harvey L. Weiss, (Sterns & Weiss), for plaintiffs.
Kenneth J. Fost, P.C., for defendants.
MENZA, J.S.C.
This is a motion for summary judgement. The issue is the validity of the dual capacity doctrine in Workers' Compensation cases.
The defendant is the owner of real estate in which it operates a smelting and refining business. The plaintiffs, employees of the defendant, were injured during the course of their employment as a result of an explosion, which they claim was caused by the defendant's negligent operation and maintenance of the premises. The plaintiffs contend that because their injuries were the result of the defendant's violation of its common law duty to keep its premises safe, they should be permitted to bring a common law action against their employer under the dual capacity doctrine.
The defendant responds that Workers' Compensation provides the exclusive remedy to the plaintiffs for the injuries they sustained, and that therefore, they are barred from asserting a claim in common law tort.
The dual capacity doctrine stands for the proposition that an employer who is normally shielded from tort liability by the exclusive remedy principal in Workers' Compensation may be liable in tort to his own employee if he occupies, in addition in his capacity as an employer a second capacity that confers on him obligations independent of those imposed on him as an employer. See 2A Larson, Law of Workmen's Compensation, § 72.80 (1983).
There are no New Jersey cases which have determined the validity of the doctrine in this state. Courts in other jurisdictions are divided on the question. (See, generally, cases cited in Annot. "Modern Status: `Dual Capacity Doctrine' as Basis for Employee's Recovery from Employer in Tort," 23 A.L.R.4th *460 1151, 1155). Some courts have absolutely rejected the doctrine as being contrary to the philosophy underlying Workers' Compensation laws. In the Treatise 2A Larson, Law of Workmen's Compensation, § 72.81 at 14-229, 14-239 (1983), the author expresses this reason for rejection:
When one considers how many such added relations an employer might have in the course of a day's work  as a landowner, land occupier, products manufacturer, installer, modifier, vendor, bailor, repairman, vehicle owner, shipowner, doctor, hospital, health services provider, self-insurer, safety inspector  it is plain enough that this trend could go a long way toward demolishing the exclusive remedy prinicple.
Other jurisdictions, which have accepted the doctrine, reason:
(I)n the dual capacity situations there is simply no justification for going beyond the intent of the statute by exonerating culpable negligence outside of the employer-employee relationship. The plain intent of current compensation schemes is to protect the employee for injuries which occur in the course of his employment while also preserving his right to bring third-party actions. A third-party action should be no less viable because the duty owed by the tortfeasor springs from an extra-relational capacity of employer rather than arising from another third party. All the reasons supporting the justness of recovering from third parties generally can be assembled to support dual-capacity liability.
... A second reason for allowing such suits is the deterrent value of tort liability. If the tortfeasor is shielded from the consequences of his negligence in one capacity because he happens to occupy the separate capacity of employer in a second relationship with the injured person, he has little incentive to correct the condition which caused the injury ... Sloppy procedure in manufacturing, inept practice of medicine, and careless upkeep of premises may thus go unpunished. Kelly, Workmen's Compensation and Employer Suability: The Dual Capacity Doctrine, 5 St. Mary's L.J. 818, 831-32 (1974).
However, even in those jurisdictions which have accepted the dual capacity doctrine, its application is usually restricted to situations in which the employer has undertaken a separate role with respect to the employee, as for example, in medical malpractice cases (See Annot. 16 A.L.R.3rd 564, for an exhaustive treatment of cases involving employer's liability for malpractice of physician furnished by the employer), and in cases where the injuries resulted from defective products provided by the employer (See Annot. 9 A.L.R.4th 873). Injuries to an employee which result from an employer's maintenance of unsafe premises *461 are generally not considered as giving an employee a common law tort remedy:
Thus, attempts by employees to hold their employers liable for injuries resulting from the employer's maintenance of unsafe premises on the reasoning that the employer occupies a separate capacity and owes separate duties to his employees as an owner of the premises have generally been rejected, both by courts which have expressed reluctance to recognize the dual capacity doctrine generally and also by courts which have expressed a willingness to recognize such a doctrine under appropriate circumstances, on the reasoning that the employer's duty to maintain a safe work place is inseparable from the employer's general duties as an employer toward his employees. (Annot. "Modern Status: `Dual Capacity Doctrine' as Basis for Employee's Recovery from Employer in Tort," 23 A.L.R.4th 1151, 1155).
Even though there are no New Jersey cases which have addressed the question of whether the dual capacity doctrine is valid in New Jersey, case law has hinted at its disapproval.
In Lyon v. Barrett, 89 N.J. 294, 299 (1982), the Supreme Court noted that although the facts in the case made it unnecessary for the court to address the validity of the doctrine, the Appellate Division had addressed the issue and found the doctrine inapplicable.
In Doe v. St. Michael's Medical Center, Newark, 184 N.J. Super. 1, 8 (App.Div. 1982), the court had this to say of the doctrine:
The dual capacity issue has most frequently arisen when the employer's second capacity is that of an owner. 2A Larson, Workers' Compensation Law § 72.80 at 14-112 (1976) ... In this context Larson states that "it can at least be argued that the liability of the owner of land is different from that of an employer working on the premises. The legal doctrines governing the responsibilities of landowners to different classes of persons entering upon the land are ancient and distinctive ..." 2A Larson, op. cit. § 72.80 at 14-117. However, the dual capacity doctrine has not met with wide approval, even when the employer clearly has independent obligations arising from his status as owner. (Emphasis added).
... Nor has the so-called "dual capacity" doctrine thrived in New Jersey. Id. at 9.
In Taylor v. Pfaudler Sybron Corp., 150 N.J. Super. 48, 51 (App.Div. 1977), certif. den. 75 N.J. 20 (1977), the court held that a worker having recovered Workers' Compensation benefits from his employer could not maintain a third party action against a separate division of the company, the court stated:

*462 So long as the employer and the alleged tortfeasor are one, plaintiff is limited to the compensation recovered under the Workers' Compensation Act. In 2A Larson, Workmen's Compensation Law, § 72.80 at 115 (1976), Larson states the proposition tersely: "One thing is clear. Dual capacity will not be found merely because the employer has a number of departments or divisions that perhaps are quite separate in their functions and operations."
See also Jackson v. New Jersey Manufacturer's Insurance Co., 166 N.J. Super. 448 (App.Div. 1979) and Brooks v. New Jersey Manufacturer's Insurance Co., 170 N.J. Super. 20 (App. Div. 1979) (both of which denied a common law tort action against an insurance company for failure to make proper inspection of premises), but cf. Mingin v. Continental Can Company, 171 N.J. Super. 148 (Law Div. 1979), (which allowed a common law action in products liability against a holding company of the employer company).
It is the plain, unambiguous language of the statute itself, however, which clearly demonstrates that Workers' Compensation is the exclusive remedy afforded to the employee who is injured during the course of his employment.
N.J.S.A. 34:15-1 provides:
When personal injury is caused to an employee by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer.... (Underscoring supplied).
The purpose of the statute was set forth in the case of Seltzer v. Isaacson, 147 N.J. Super. 308, 313 (App.Div. 1977):
The purpose of the Workers' Compensation Act, with respect to the employer-employee relationship, was to substitute for common law redress in personal injury tort cases or for the statutory wrongful death action a method of compensation for the injury or death of an employee, irrespective of the fault of the employer or the contributory negligence and assumption of risk of the employee (citation omitted). The employer gives up common law defenses to negligence suits and assumes the absolute liability to provide compensation; in return, he is granted immunity from common law negligence suits by his employees.
When one considers the purpose of the statute and its plain words limiting an employee's remedy to Workers' Compensation regardless of whether or not the employer is negligent, one must conclude that it makes absolutely no sense to *463 allow a common law action to an employee who is injured as a result of the employer's failure to furnish a safe place to work.
The New York Court of Appeals, in the case of Billy v. Consolidated Mach. Tool Corp., 51 N.Y.2d 152, 432 N.Y.S.2d 879, 883, 412 N.E.2d 934, 939 (1980), rejecting the doctrine, had this to say:
(W)e conclude that the "dual capacity" doctrine as it has been applied to permit common law suits against employers in their capacities as property owners or manufacturers of plant equipment is fundamentally unsound.
... We cannot sanction the circumvention of this clear legislative plan by approving a theory which would permit the employer to be sued in his capacity as property owner or manufacturer of equipment used on the job site. As we have previously observed, "an employer remains an employer in his relations with his employees as to all matters arising from and connected with their employment. He may not be treated as a dual legal personality, `a sort of Dr. Jekyl and Mr. Hyde.'" (citations omitted). Employers are expected to provide their employees with a safe workplace that is reasonably free of hazards. This obligation to provide a safe workplace simply cannot be separated in a logical and orderly fashion from the duties owed by the employer to his employees by reason of his ownership of the premises or his manufacture of the equipment with which the employees must work. Indeed, these duties are merely subcategories within the complex of obligations that arise in connection with the employment relation. We would be seriously undermining the salutary social purposes underlying the existing workers' compensation scheme if we were to permit common-law recovery outside of that scheme on the basis of such illusory distinctions.
This Court agrees. Plaintiff's complaint is dismissed.