WELLS, J.
We have for review Deen v. Quantum Resources, Inc., 713 So.2d 1075 (Fla. 2d DCA 1998), in which the Second District Court of Appeal affirmed per curiam without opinion the trial court’s granting of summary judgments and certified to this Court the following question of great public importance:
DOES A SELF-INSURED PUBLIC UTILITY WHICH UNDERTAKES, PURSUANT TO SECTION 440.571, FLORIDA STATUTES (1991) (NOW SECTION 624.46225, FLORIDA STATUTES (1997)), TO PROVIDE WORKERS’ COMPENSATION COVERAGE TO A SUBCONTRACTOR WORKING ON ITS PROPERTY, OBTAIN THE BENEFIT OF WORKERS’ COMPENSATION IMMUNITY PROVIDED IN SECTION 440.11, FLORIDA STATUTES (1991), AS TO INJURIES SUSTAINED BY AN EMPLOYEE OF THE SUBCONTRACTOR RESULTING FROM THE NEGLIGENCE OF THE PUBLIC UTILITY?
Deen, 713 So.2d at 1075. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed herein, we answer the question in the negative, quash the decision of the Second District Court of Appeal, and remand for proceedings consistent with this opinion.
BACKGROUND
The following facts are without dispute:
FP & L entered into a contract with National Installation Services Co. (NIS-CO) as an independent contractor to perform repairs at its Manatee Electri *617 cal Generating Facility. On May 19, 1992, appellant Ottis Lee Deen, Jr. (Deen), an employee of NISCO, was injured while working on the site when he fell from scaffolding to a concrete floor below. He sued FP & L, alleging his injuries were caused by FP & L’s negligence in the construction and maintenance of the scaffolding. He also sued Quantum Resources, Inc. (Quantum), another subcontractor FP & L hired to supervise the various contractors on the job.
The contract between FP & L and NISCO required FP & L to provide for workers’ compensation benefits for NIS-CO’s employees under FP & L’s self-insurance program. Both FP & L and Quantum moved for summary judgment, claiming that they were immune from suit because of the “exclusive remedy” provision of the Workers’ Compensation Act. FP & L’s motion asserted immunity based on the fact that it had, by contract, provided workers’ compensation benefits to NISCO’s employees. Quantum claimed that the single employee it had provided to the job was a “borrowed servant” of FP & L and that it therefore enjoyed the protection of FP & L’s immunity from suit. The trial court granted the motions for summary judgment based on [Cartier v. Florida Power & Light Co., 594 So.2d 755 (Fla. 3d DCA 1991) ].
Deen, 713 So.2d at 1076 (Patterson, J., dissenting).
The Second District majority cited Cartier, affirmed without analysis the summary judgments of the trial court, and certified the question to this Court. Deen, 713 So.2d at 1075. In. his dissent, Judge Patterson disagreed with the majority’s affirmance of the summary judgments and advocated reversal and certification to this Court of conflict with Cartier. He contended that the Third District in Cartier incorrectly stated the law in its holding that a self-insured public utility that provides workers’ compensation coverage to a subcontractor working on its property obtains workers’ compensation immunity under section 440.11, Florida Statutes, as to negligence suits by employees of the subcontractor. Deen, 713 So.2d at 1075. He agreed with Deen’s argument below in favor of strict statutory construction of the Workers’ Compensation Law and stated that he would hold that FP & L, having no statutory liability to provide workers’ compensation coverage but only such liability voluntarily assumed by contract, is not entitled to workers’ compensation immunity. Id. at 1077.
In this Court, petitioner Deen bases his argument upon the reasoning of Judge Patterson’s dissent and argues that only his employer, NISCO, was statutorily obligated to provide workers’ compensation benefits to him under section 440.10(l)(a), Florida Statutes (1991), and thus that his employer, NISCO, but not FP & L, has worker’s compensation immunity from suit, which is available only to an “employer” as defined in the Workers’ Compensation Law. In response, FP & L asks us to construe the statute to find that FP & L stands in the shoes of NISCO and thus assumes NISCO’s immunity by contractually assuming the obligation of providing workers’ compensation benefits to subcontractors.[1]
Under our plain reading of section 440.38(l)(c), Florida Statutes (1991), and section 440.571, Florida Statutes (1991) (now section 624.46225, Florida Statutes (1999)), the contractual assumption by self-insured public utilities of the obligation to provide workers’ compensation to employees of subcontractors does not give the utility immunity from suit as a third-party tortfeasor. Rather, we conclude that the statutes confer such immunity only upon the statutorily defined employers who have *618 statutory liability for workers’ compensation coverage. Thus, we answer the certified question in the negative based upon the following analysis of the relevant statutes and case law.
LAW AND ANALYSIS
The issue presented by this case is whether section 440.38(l)(c) renders a self-insured public utility immune from a third-party tort claim that is based upon the utility’s alleged negligence and is brought by an injured employee of an employer whom the utility has contractually agreed to insure against a workers’ compensation loss. Our analysis of this statute is that its effect is to simply allow the public utility to act as the insurer of workers’ compensation risk for an employer who otherwise would have to purchase workers’ compensation insurance from a licensed insurer. Section 440.38(l)(c) provides the employer with a means by which the employer can satisfy the statutory obligation to secure payment for compensation mandated by section 440.38 by using the self-insurer services that the statute authorizes for public utilities rather than by using the other provisions specified in section 440.38 for securing such coverage.
First, we note that the legislature has required employers to provide workers’ compensation coverage as follows: “Every employer coming within the provisions of this chapter ... shall be hable for, and shall secure, the payment to his employees ... of the compensation payable [under this chapter].” § 440.10(1), Fla. Stat. (1991). As a quid pro quo for requiring employers’ liability for payment of workers’ compensation benefits, the statute provides to such employers an immunity from tort lawsuits by employees as follows: “The Lability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer ... to the employee.” § 440.11(1), Fla. Stat. (1991). In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), in which this Court was asked to determine the scope of such statutory immunity, we held:
The question is whether the Workmen’s Compensation Act imposed upon the Corporation the duty, as an “employer” and “contractor,” to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tortfeasor. His immunity from suit is commensurate with his liability for securing compensation-no more and no less.
Jones, 72 So.2d at 287; see also Ramos v. Univision Holdings, Inc., 655 So.2d 89, 90 (Fla.1995); Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587, 589 (Fla.1982); Conklin v. Cohen, 287 So.2d 56, 59 (Fla.1973); Smith v. Ussery, 261 So.2d 164, 165 (Fla.1972). In Jones, we addressed the issue as to whether Florida Power Corporation (the Corporation) was an “employer” within the meaning of the Workers’ Compensation Law when the Corporation was sued as a third-party tortfeasor by an employee of an independent contractor, and the Corporation had required the independent contractor to provide workers’ compensation coverage for its employees working on the Corporation’s premises. 72 So.2d at 287. We held that, under those circumstances, the Corporation was not an employer of the plaintiffs and thus was not liable for and required to secure workers’ compensation for employees of the subcontractor and, therefore, had no immunity from suit. Id. at 289.
Subsequent to our decisions in Jones and its progeny, the legislature enacted in 1983 the subsection at issue in this case, section 440.571, Florida Statutes (1991), which provides:
A self-insured public utility, as authorized by s. 440.38(l)(b) [sic],[2] may assume by contract the liabilities under *619 this chapter of contractors and subcontractors, or each of them, employed by or on behalf of such public utility when performing work on or adjacent to property owned or used by the public utility.
Ch. 83-305 § 19, at 1806, Laws of Fla. (originally codified at § 440.571, Florida Statutes; now codified at § 624.46225, Florida Statutes (1999)). This provision, which is now properly part of the Insurance Code, is read in para materia with the statutory authorization of a contractual assumption of workers’ compensation liability by a public utility and was provided as an option for employers who are required to provide workers’ compensation coverage and are subcontractors of public utilities, as follows:
(1) Every employer shall secure the payment of compensation under this chapter:
[[Image here]]
(c) By entering into a contract with a public utility under an approved utility-provided self-insurance program as set forth in s. 440.571....
§ 440.38(l)(c), Fla. Stat. (1991). By this reading, it is seen that this section is only an authorization as to how workers’ compensation coverage may be secured and is not a grant of immunity as required by our Jones decision.
The provision of workers’ compensation immunity is found only in the section dealing with immunity, which is section 440.11. Sections 440.38(l)(c) and 440.571 simply authorize a direct employer, such as NIS-CO in this case, to obtain immunity under section 440.11. Neither section 440.11 nor 440.38(l)(c) contains language that would expressly confer such immunity upon a public utility such as FP & L when it is sued by an employee of a subcontractor. Section 440.571, Florida Statutes (1991), contains no language providing immunity for a self-insured public utility that voluntarily chooses the option of entering a contractual agreement for provision of workers’ compensation coverage. Moreover, no statutory language expressly confers “employer” status on a self-insured public utility such as FP & L.
In Cartier, relied upon by the court below, the Third District held that the voluntary provision of workers’ compensation coverage under section 440.571 conferred immunity upon a public utility exercising the statute’s contractual option. 594 So.2d at 756. In Cartier, the appellant was an employee of an independent contractor hired to work at one of FP & L’s power plants. Id. at 755. The contract between FP & L and the independent contractor required FP & L to provide workers’ compensation coverage for the contractor’s employees under FP & L’s self-insurance program. Id. After the contract was executed, Cartier was injured while at work at the power plant. Id. FP & L provided workers’ compensation benefits to Cartier, and Cartier later sued FP & L for negligence. Id. FP & L claimed immunity as the provider of workers’ compensation to Cartier under section 440.571, Florida Statutes (1989). Id. The Third District, without expressly construing section 440.571, found that FP & L acquired immunity because it met requirements in section 440.11 “and its preamble” that (1) the utility be legally obligated to provide insurance coverage; (2) the utility in fact provided adequate coverage; and (3) the work performed was on or adjacent to the utility’s property. Id. at 756.
We reject the Third District’s decision in Cartier and adopt the following from Judge Patterson’s dissent in this case:
In Cartier, FP & L had entered into a contract, the same type as its contract here with NISCO, with an unnamed subcontractor. Cartier, an employee of the subcontractor, was injured on the job site, and as here, sued FP & L as the owner of the property. In holding FP & L to be immune from suit, the Cartier court stated:
Section 440.11 [Florida Statutes (1989)], and its preamble, requires that in order to gain immunity, a) the *620 self-insured public utility must be legally obligated to provide insurance coverage; b) it must in fact provide adequate coverage; and c) the work performed must be on or adjacent to the utility’s property. Thus, if at the time of the accident: a) FPL had a contractual obligation to provide coverage; b) if it did provide coverage; and c) if the work was done on FPL’s property, then section 440.11 provides immunity from negligence suits.
Cartier, 594 So.2d at 756. The problem is that section 440.11, Florida Statutes (1989), says no such thing. Nowhere in section 440.11 do the terms “self-insured” or “public utility” appear. Nor is there any reference to one entity contractually providing workers’ compensation coverage for another entity. In fact, nowhere in chapter 440 is a public utility specifically granted immunity from suit by reason of section 440.571 or for any other reason. The only rationale for the conclusion in Cartier must therefore result from an interpretation of chapter 440 as a whole.
• The obligation of an employer to provide workers’ compensation benefits to its employees is found in section 440.10(l)(a), Florida Statutes (1991), which provides, “Every employer coming within the provisions of this chapter ... shall be liable for, and shall secure, the payment to his employees ... of the compensation payable [under this chapter].” In return for compliance with this section, section 440.11(1), Florida Statutes (1991), provides, “The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer ... to the employee.... ” FP & L was not Deen’s employer and, therefore, derives no direct immunity from suit from these provisions. NISCO, the employer, was permitted to and did fulfill its statutory obligation under section 440.10 “[b]y entering into a contract with a public utility under an approved utility-provided self-insurance program as set forth in s. 440.571 ....” § 440.38(l)(c), Fla. Stat. (1991). NISCO thereby enjoys the immunity provisions of section 440.11. FP & L contends that, because it contractually agreed to provide the workers’ compensation coverage that NISCO was statutorily obligated to provide, FP & L is therefore entitled to the same benefit of immunity as is NISCO. FP & L claims this to be true, despite that section 440.571 merely authorizes, and does not require, a self-insured public utility to enter into such contracts. Therefore, a public utility such as FP & L is free to pick and choose among its subcontractors on the same project which will receive the contractual benefits that it is permitted to bestow under section 440.571. It is this lack of a mandatory statutory obligation that I believe forecloses FP & L’s immunity claim under section 440.11.
FP & L’s position is that satisfying the liability to provide benefits is the determinative issue, whether that liability is statutorily imposed or assumed by contract. Deen’s position is that chapter 440, which is in derogation of the common law, must be strictly construed, and because it is silent as to a specific grant of immunity to FP & L under these facts, then none exits. In other words, the plain meaning of chapter 440 is to grant immunity only to those employers who fulfill the statutory obligation to provide coverage as specifically set forth in the Act.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), under dissimilar facts, the supreme court discussed this issue generally, saying:
It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation-no more and no less.
*621 72 So.2d at 287 (emphasis in original). This broad language can be argued in support of either side of this case. Later, the court used more limiting language in Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587 (Fla.1982), when it stated:
The common law right of recovery from third parties in tort should not be abridged unless specifically waived by the workmen’s compensation statutes ....
Since Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), this Court has consistently held that immunity from suit under the workmen’s compensation statutes follows the statutory liability for providing such coverage.
420 So.2d at 589 (emphasis supplied). I agree with Deen that FP & L, having no “statutory liability,” but only liability voluntarily assumed by contract, is not entitled to the immunity benefits of section 440.11, Florida Statutes (1991).
713 So.2d at 1075-77.
FP & L further argues that this case is controlled by our decision in Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla.1992), in which this Court held that an otherwise non-immune general contractor was immune from tort suit when, “as per the parties’ contract,” it procured workers’ compensation coverage for the benefit of an independent contractor by deducting the coverage premiums from payments due the independent contractor. Id. at 852. We find Mandico to be distinguished in that the provision of the Workers’ Compensation Law at issue in Mandico was section 440.04, Florida Statutes (1983), which provided that a person who was not otherwise considered an “employee” under chapter 440, but for whose benefit a contract of workers’ compensation insurance had been secured could waive his or her exclusion from chapter 440 and be brought within the operation of the chapter by the acceptance of an insurance policy by the employer and the writing of such policy by the carrier. Id. at 852.
In this case, petitioner Deen was not a contractor with the ability to waive, under section 440.04, an exclusion from chapter 440 as provided in section 440.02(13)(d) 1.[3] Rather, Deen was an employee of NISCO, which was hired by FP & L as an independent contractor. Thus, our finding in Mandico of limited liability for one who employs a contractor with a contractual election of chapter 440 coverage does not apply to the relationship between Deen and FP & L. Here, we are asked only to consider the effect on an independent contractor’s employee of a contractual relationship under section 440.571, which addresses the narrow and specific situation of a self-insured public utility that has chosen to provide workers’ compensation coverage directly to contractors and subcontractors rather than to factor such coverage into its cost of a contract. Thus, we find FP & L’s reliance upon Mandico to be misplaced.
Finally, FP & L argues that it is immune from suit by a subcontractor’s employee because FP & L, as a self-insurer, is a “carrier” under section 440.02(3), Florida Statutes (1991), and thus has tort immunity under section 440.11(1)(4). We adopt Judge Patterson’s conclusion as to this argument as follows:
I agree that FP & L is a “carrier” as defined in section 440.02(3), Florida Statutes (1991), and has the benefit of all immunities granted to “carriers” under chapter 440. In this case, however, it is both a “carrier,” with the rights and responsibilities as such, and a landowner, with its attendant rights and responsibilities. The legal status of the “carrier” and of the landowner are independent of one another and do not interact in any manner. The alleged acts of negligence for which FP & L is being *622 sued here are in its capacity as the landowner and are not affected by its “carrier” immunity.
Deen, 713 So.2d at 1077. Thus, we find no merit in FP & L’s argument that its status as an insurance carrier renders it immune from Deen’s negligence suit.
Accordingly, we answer the certified question in the negative, quash the decision of the Second District below, disapprove Cartier to the extent that it conflicts with this opinion, and remand for proceedings consistent with this opinion.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. In this appeal, respondent Quantum Resources, Inc. relies upon the briefs and analy-ses of FP & L.

. Note 2 at the end of the statutory subsection states: "The reference to s. 440.38(l)(b) appears to be erroneous. The correct reference may be to s. 440.38(l)(c).”

. Under section 440.02(13)(d)l, Florida Statutes (1991), an independent contractor is excluded from the definition of an "employee” for whom an employer must secure the payment of compensation payable under chapter 440.