922 So.2d 240 (2006)
U.S. HOLDINGS, INC., Appellant,
v.
Antoinier BELANCE, et al., Appellees.
No. 3D04-872.
District Court of Appeal of Florida, Third District.
January 11, 2006.
Rehearing Denied March 22, 2006.
Ralph O. Anderson, Fort Lauderdale; Patino & Associates and Dominick V. Tamarazzo, Coral Gables, for appellant.
Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Jay Rothlein, Miami Beach, for appellees.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, J.
The defendant, U.S. Holdings, Inc. ("Holdings"), appeals from a non-final order denying its motion for summary judgment, finding that Holdings was not entitled to workers' compensation immunity. We affirm.
In 1997, Antoinier Belance was seriously injured when he fell through a skylight of the building that his employer, U.S. Foundry and Manufacturing Corporation ("Foundry"), leases from Holdings. At the time of the accident, Foundry was the wholly owned subsidiary of Holdings; Holdings served as Foundry's self-insured workers' compensation carrier providing workers' compensation benefits to Foundry's employees; and Holdings was Foundry's safety consultant.
The plaintiffs, Mr. Belance and his wife, Paulette Belance, filed a premises liability negligence action against Holdings in its capacity as the owner of the building. *241 Holdings moved for final summary judgment, asserting that pursuant to section 440.11(3), Florida Statutes (1997), it was entitled to workers' compensation immunity because it served as Foundry's safety consultant and self-insured workers' compensation carrier. The trial court denied Holdings' motion for summary judgment, finding that, as a matter of law, Holdings was not entitled to the statutory immunity found in section 440.11(3).
Holdings contends that the trial court erred by denying its motion for summary judgment. We disagree.
Section 440.11(3), Florida Statutes (1997), provides in part as follows:
An employer's workers' compensation carrier, service agent, or safety consultant shall not be liable as a third-party tortfeasor for assisting the employer in carrying out the employer's rights and responsibilities under this chapter by furnishing any safety inspection, safety consultative service, or other safety service incidental to the workers' compensation or employers' liability coverage or to the workers' compensation or employer's liability servicing contract. . . .
As Holdings admits, it has "worn three hats": 1) as the owner of the allegedly defective and dangerous property; 2) as the safety consultant for Foundry, Mr. Belance's employer; and 3) as Foundry's self-insured workers' compensation carrier. Had Mr. Belance sued Holdings in its capacity as the employer's safety consultant or workers' compensation carrier, we would agree that pursuant to section 440.11(3), Holdings would be immune from tort liability. However, Holdings was not sued in either of these capacities. Rather, it was sued in its capacity as the owner of the allegedly defective and dangerous premises. Thus, Holdings' reliance on section 440.11(3) is misplaced as section 440.11(3) does not grant immunity to property owners.
This conclusion is further supported by the Florida Supreme Court's decision in Deen v. Quantum Resources, Inc., 750 So.2d 616 (Fla.1999). In Deen, FP & L argued that as a self-insurer, it was a "carrier" as defined by section 440.02(3), Florida Statutes (1991), and therefore, it was immune from suit by a subcontractor's employee under sections 440.11(1) and 440.11(4), Florida Statutes (1991). In rejecting FP & L's argument, the Florida Supreme Court adopted the trial court's holding, which is as follows:
I agree that FP & L is a "carrier" as defined in section 440.02(3), Florida Statutes (1991), and has the benefit of all immunities granted to "carriers" under chapter 440. In this case, however, it is both a "carrier," with the rights and responsibilities as such, and a landowner, with its attendant rights and responsibilities. The legal status of the "carrier" and of the landowner are independent of one another and do not interact in any manner. The alleged acts of negligence for which FP & L is being sued here are in its capacity as the landowner and are not affected by its "carrier" immunity.
Deen, 750 So.2d at 621-22. While the instant case and the Deen decision involve different subsections of section 440.11, Florida Statutes, we conclude that the holding and reasoning in Deen are dispositive, and accordingly, affirm the trial court's order denying Holdings' motion for summary judgment.
Affirmed.