992 So.2d 419 (2008)
ELIZABETH ARDEN, INC., Appellant,
v.
Carlos SALDANA, Barbara Saldana, his wife, individually and Barbara Saldana, as next friend and natural guardian of Dayanna Saldana, a minor, and Suave Shoe Corp., a Florida corporation, Appellees.
No. 3D07-433.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Richard A. Sherman; Adorno and Yoss, David M. Tarlow, Fort Lauderdale and Gregory A. Victor, Miami, for appellant.
Beckham & Beckham, Pamela Beckham and Robert Beckham, Miami, for appellees.
Before WELLS, ROTHENBERG, and LAGOA, JJ.
WELLS, J.
Elizabeth Arden, Inc., (herein "Arden"), appeals from an order denying its motion for summary judgment, wherein it argued workers' compensation immunity under section 440.11(1), Florida Statutes (2004). Because the order does not specifically state that workers' compensation immunity is unavailable as a defense, we dismiss the instant appeal. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 821-22 (Fla.2004) ("Nonfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party." (quoting Hastings v. Demming, 694 So.2d 718, 720 (Fla.1997))).
In January 2004, Carlos Saldana was injured while at work. Shortly after he was injured, Saldana made a claim for and began receiving workers' compensation benefits from Arden's workers' compensation carrier. A little over two years later, Saldana brought a premises liability suit against both Arden and Suave Shoe Corporation. Without alleging which company owned the property at the time he was injured, Saldana claimed that both "SUAVE SHOE CORP and ELIZABETH ARDEN, INC., owed a duty to Plaintiff *420 CARLOS SALDANA and to the general public to keep their premises in reasonably safe condition."
Arden thereafter filed a motion for summary judgment asserting immunity under section 440.11(1), which in pertinent part provides:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee ... except as follows;
(a) If an employer fails to secure payment of compensation as required by this chapter....
(b) When an employer commits an intentional tort that causes the injury or death of the employee....
§ 440.11(1), Fla. Stat. (2004).
In its motion for summary judgment, Arden claimed that there was no dispute as to the following facts: Arden was the owner of the property where Saldana was injured; Saldana was an Arden employee; Saldana was acting in the course and scope of his employment on the property when the accident happened; and that Saldana applied for, and continued to receive workers' compensation benefits from Arden.
The motion for summary judgment was summarily denied. Arden appealed. While that appeal was pending, Suave was dropped from the suit after Saldana stipulated that "SUAVE SHOE CORPORATION ("Suave"), is not a proper party to this lawsuit as Suave was not the owner, operator, nor did it maintain or control for [sic] the real property located [where Saldana was injured] on the date of the Incident as described in the Amended Complaint."
Citing to Fleetwood, we relinquished jurisdiction to the trial court to state its reasons for denying Arden's motion for summary judgment. The revised order states that (1) under the holding in U.S. Holdings, Inc. v. Belance, 922 So.2d 240 (Fla. 3d DCA 2006), Saldana may maintain a negligence action against Arden as landowner "for having a dangerous condition of their [sic] property that is separate and apart from the Plaintiffs' Workers Compensation Claim against its employer"; (2) Arden is "not entitled to workers' compensation immunity under Florida Statute Section 440.11(3)"; and (3) fact issues exist regarding the ownership of the property where Plaintiff was injured.
Although it appears that neither Belance[1] nor section 440.11(3), Florida Statutes (2004)[2] applies here, the trial court's conclusion that fact issues exist regarding ownership of this property (notwithstanding dismissal of the only other *421 party alleged to have an ownership interest),[3] combined with the fact that the order does not "specifically state that workers' compensation immunity is unavailable as a defense," precludes review of the order on appeal. See Reeves, 889 So.2d at 821-22.
The instant appeal is therefore dismissed without prejudice to Arden filing a renewed motion for summary judgment.
Appeal dismissed.
NOTES
[1] Belance involved a third party parent corporation, not an employer corporation, and concluded that the immunity conferred by section 440.11(3) on that third-party parent corporation stemming from that parent's activities as a safety consultant or insurance carrier did not insulate the third-party parent corporation from premises liability:

As Holdings admits, it has "worn three hats": 1) as the owner of the allegedly defective and dangerous property; 2) as the safety consultant for Foundry, Mr. Belance's employer; and 3) as Foundry's self-insured workers' compensation carrier. Had Mr. Belance sued Holdings in its capacity as the employer's safety consultant or workers' compensation carrier, we would agree that pursuant to section 440.11(3), Holdings would be immune from tort liability. However, Holdings was not sued in either of these capacities. Rather, it was sued in its capacity as the owner of the allegedly defective and dangerous premises. Thus, Holdings' reliance on section 440.11(3) is misplaced as section 440.11(3) does not grant immunity to property owners.
Belance, 922 So.2d at 241.
[2] Section 440.11(3) of the Florida Statutes applies to third-party tortfeasor insurance carriers and safety consultants, not to employers like Arden:

An employer's workers' compensation carrier ... or safety consultant shall not be liable as a third-party tortfeasor to employees of the employer ... for assisting the employer ... in carrying out the employer's rights and responsibilities under this chapter by furnishing any safety inspection, safety consultative service, or other safety service incidental to the workers' compensation or employers' liability coverage or to the workers' compensation or employer's liability servicing contract.
[3] See Percy v. Falcon Fabricators, Inc., 584 So.2d 17, 18 (Fla. 3d DCA 1991) (acknowledging that the "dual persona" status of a successor corporation, may in certain instances result in avoidance of the application of section 440.11(1)); see also Griffin, Inc. v. Loomis, Fargo & Co., 979 So.2d 416, 418, (Fla. 2d DCA 2008) ("A merger cannot extinguish a claim that the plaintiff would have had absent the merger. Conversely, a merger cannot create tort liability where none previously existed."); see generally Kaczorowska v. Nat'l Envelope Corp., 342 N.J.Super. 580, 777 A.2d 941, 948 (2001) ("The `dual capacity' doctrine stands for the proposition that an employer normally shielded from tort liability by the exclusive remedy principle in Workers' Compensation may be liable in tort to its own employee if it occupies, in addition to its capacity as an employer, a second capacity that confers on it obligations independent of those imposed on him as an employer. DeFigueiredo v. U.S. Metals Refining Co., 235 N.J.Super. 458, 459, 563 A.2d 76 (Law Div. 1988), aff'd, 235 N.J.Super. 407, 563 A.2d 50 (App.Div.1989) (quoting 2A Larson, Law of Workmen's Compensation, § 72.80 (1983)).

This doctrine as it may apply to employers in their capacities as property owners or manufacturers of plant equipment has been described as `fundamentally unsound' and rejected in a majority of jurisdictions because of its circumvention of the clear legislative mandate of workers' compensation law." (citation omitted)).